FILED
United States District Court
Albuquerque, New Mexico
Mitchell R. Elfers
Clerk of Court

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )    Case No.   **25mr964**
ONE USPS PRIORITY MAIL PARCEL BEARING USPS )
TRACKING NUMBER 9505515462865139472467 )
)

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
One USPS Priority Mail parcel, more fully described in Attachment A, which is attached and incorporated herein.

located in the _____ District of ___New Mexico___ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B, attached and incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841 | Possession with intent to distribute a controlled substance |
| 21 U.S.C. 846 | Conspiracy to distribute and possess with intent to distribute a controlled substance |

The application is based on these facts:
See Affidavit attached and incorporated herein.

☑ Continued on the attached sheet.
☑ Delayed notice of ___30___ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Kelly McNulty, U.S. Postal Inspector
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
___electronic submission and telephonic swearing___   *(specify reliable electronic means)*.

Date:   05/27/2025
*Judge's signature*

City and state:   Albuquerque, New Mexico     Honorable Laura Fashing, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF ONE USPS PRIORITY MAIL PARCEL BEARING USPS TRACKING NUMBER 9505515462865139472467 | Case No. _____ |

**AFFIDAVIT IN SUPPORT OF AN**
**APPLICATION FOR A SEARCH WARRANT**

I, Kelly McNulty, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.  I am a United States Postal Inspector with the United States Postal Inspection Service (USPIS) and have been so employed since May 2019. I have completed a twelve-week basic training course in Potomac, Maryland, which included training in the investigation of crimes against United States Postal Service (USPS) employees. I am currently assigned to the Phoenix Division, Albuquerque, NM Domicile which is responsible for investigating crimes against USPS employees. Prior to appointment as a U.S. Postal Inspector, I served in the United States Navy for 28 years. During my career as a federal law enforcement officer, I have participated in the investigation of financial crimes, robberies, burglaries, workplace violence and narcotics offenses.

2.  I have conducted and participated in narcotics investigations of individuals for violations of Title 21, United States Code, Sections 841(a)(1) (Possession with Intent to Distribute a Controlled Substance) and 846 (Conspiracy to Possess with Intent to Distribute a Controlled Substance). The facts and information contained in this affidavit are based on my personal knowledge, as well as that of other Postal Inspectors and law enforcement officers involved in this investigation as described below.

1

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. I make this affidavit in support of an application for a search warrant for one (1) United States Postal Service ("USPS") Priority Mail parcel (hereafter, referred to as **SUBJECT PARCEL**). The **SUBJECT PARCEL** is a USPS Priority Mail parcel bearing USPS tracking number **9505515462865139472467,** addressed to "Samantha Perez, 27 Roadrunner Lane, Alamogordo, New Mexico 88310" with a return address of "Angelina Perez, PO 22658, Stockton, CA 95207" the **SUBJECT PARCEL**, which is further described and depicted in Attachment A, is believed to contain controlled substances and/or proceeds from the sale of controlled substances.

## BACKGROUND ON POSTAL OFFENSES

1. From my training and experience, as well as the training and experience of other Postal Inspectors, I am aware the USPS mail system is frequently used to transport controlled substances and/or proceeds from the sale of controlled substances to areas throughout the United States. I also know drug traffickers prefer mail/delivery services such as Express Mail, Priority Mail, and Ground Advantage because of their reliability and the ability to track the article's progress to the intended delivery point. When a drug trafficker learns that a mailed article has not arrived as scheduled, he/she becomes suspicious of any delayed attempt to deliver the item.

2. Based on my training and experience regarding Express Mail operations, I am aware that the Express Mail service was designed primarily to fit the needs of businesses by providing overnight delivery for time-sensitive materials. Moreover, based on my training and experience, I am aware that business mailings often: (a) contain typewritten labels; (b) are addressed to and/or from a business; (c) are contained within flat cardboard mailers; and (d) weigh less than eight

ounces. In addition, corporate charge accounts were developed by the USPS to avoid time-consuming cash payments by businesses for business mailings.

3. Based on my training and experience, I am aware that the Priority Mail service was created as a less expensive alternative to Express Mail overnight delivery, but designed to provide quicker, more reliable service than standard First-Class Mail. Whereas a customer mailing an article via Express Mail expects next-day service, a customer who mails an article via Priority Mail can expect two- to three-day delivery service. The USPS also provides a tracking service though a USPS tracking number, which allows the customer to track the parcel and confirm delivery.

4. Based on my training and experience regarding Priority Mail operations, I am aware the majority of Priority Mail mailings are business mailings. Businesses have found that Priority Mail is a significantly less expensive method of mailing than Express Mail, particularly when next-day service is not a requirement. I also know that, similar to Express Mail, Priority Mail business mailings tend to be smaller, lighter mailings, and on average, weigh less than two pounds. Examples of the typical types of business mailings conducted via Priority Mail include books, clothing, pharmaceuticals, and consumer goods purchased from online retailers.

5. Based on my training and experience regarding Ground Advantage Mail operations, I am aware that Ground Advantage Mail mailings are mailings rated best-priced service for items up to 15.9 oz. Customers have found that Ground Advantage Mail is a significantly less expensive method of mailing than Priority Mail and Express Mail, particularly when next-day service is not a requirement. Ground Advantage mailings can range from four ounces up to 70 pounds and delivered in two to five business days. Examples of the typical types of Ground Advantage mailings include books, clothing, pharmaceuticals, and consumer goods purchased from online retailers and hazardous material that cannot go by air.

6. From my training, personal experience, and the collective experiences relayed to me by other Postal Inspectors who specialize in investigations relating to the mailing of controlled substances and proceeds from the sale of controlled substances, I am aware that Arizona is a source location for controlled substances based on its close proximity to the border between the United States and Mexico. As such, controlled substances are frequently transported from Arizona via USPS and proceeds from the sale of controlled substances are frequently returned to Arizona via USPS.

7. Based on my training and experience regarding the use of Express Mail, Priority Mail, and Ground Advantage to transport-controlled substances and/or the proceeds from the sale of controlled substances, I am aware these parcels usually contain some or all the following characteristics:

    a. The parcel contains a label with handwritten address information and is addressed from one individual to another individual, rather than from one business to another business, which are the entities that are more common use in Express Mail, Priority Mail, and Ground Advantage.

    b. The handwritten label on the parcel does not contain a business account number, thereby indicating that the sender likely paid cash.

    c. The parcel is heavier than the typical mailing, often weighing more than eight ounces for Express Mail, and two pounds for Priority Mail and Ground Advantage.

    d. The parcel either: (a) was destined for an area known to be a frequent destination point for controlled substances, having been mailed from an area known to be a source area for controlled substances; or (b) originated from an area known to be a frequent origination point for proceeds from the sale of controlled substances,

  having been mailed to an area known to be a destination area for proceeds from the sale of controlled substances; and

 e. The parcel is addressed from a business bearing an address that does not associate with the business per their records.

8.  Express Mail, Priority Mail, and Ground Advantage parcels found to meet any or all of the characteristics described above are often further scrutinized by Postal Inspectors through address verifications and an examination by a trained narcotics detecting canine.

## RELEVANT FACTS PERTAINING TO THE SUBJECT PARCEL

9.  On May 19, 2025, I learned of one (1) suspicious parcel (**SUBJECT PARCEL**) destined for Alamogordo, New Mexico, from Stockton, CA.

10.  On May 21, 2025, I intercepted the **SUBJECT PARCEL** from the USPS mail stream. Upon physical examination of the **SUBJECT PARCEL**, **SUBJECT PARCEL** met some of the characteristics listed in Paragraph 7 above.

 a. The **SUBJECT PARCEL** bears address information that does not appear to be associated with the sender or return address listed.

 b. The sender paid for the **SUBJECT PARCEL** in cash.

 d. The **SUBJECT PARCEL** weighs over four (4) pounds.

 e. The **SUBJECT PARCEL** was mailed to an address in New Mexico from California. Based on my training, experience, and the collective experiences relayed to me by other Postal Inspectors who specialize in investigations relating to the mailing of controlled substances and proceeds from the sale of controlled substances, I am aware that California is frequently a source location for controlled

substances that are mailed, and that proceeds from the sale of controlled substances are frequently circulated back to California via USPS.

11. I conducted a database query regarding the names and addresses appearing on **SUBJECT PARCEL** in Consolidated Lead Evaluation and Reporting ("CLEAR"), a law enforcement database accessible to me. CLEAR associates addresses and telephone numbers to individuals and business entities. The CLEAR database is created from credit reports, law enforcement reports, utility records, and other public records.

12. Through the CLEAR database query, I learned that the delivery address for **SUBJECT PARCEL**, "Samantha Perez, 27 Roadrunner Lane, Alamogordo, New Mexico 88310", is an existing, deliverable address, but the recipient does not associate with that address. A query of the return address for **SUBJECT PARCEL**, "Angelina Perez, PO 22658, Stockton, CA 95207" is a deliverable address, but the name does not associate with the address.

13. From my training, personal experience, and the collective experiences related to me by other Postal Inspectors who specialize in investigations relating to the mailing of controlled substances, it is common for drug traffickers to use names not associated with an address and/or fictitious names and addresses to evade detection by law enforcement.

### NARCOTICS CANINE ALERT ON SUBJECT PARCEL

14. On May 23, 2025, **SUBJECT PARCEL** was inspected by Metropolitan Detention Center (MDC) Officer Jessica Roybal and her drug detection dog, "Kobe". **SUBJECT PARCEL** was separated and individually inspected by "Kobe." Kobe is a three-year-old male German Shepard who is trained and Nationally Certified by the National Police Canine Association. "Kobe" is trained and certified to detect the odors of illegal controlled substances which are Cocaine, Heroin, Methamphetamine, Fentanyl, Marijuana and their derivatives.

15. On May 23, 2025, at approximately 2:07 PM, Officer Roybal advised that "Kobe" alerted and indicated to the presence of one of the above-mentioned trained odors on **SUBJECT PARCEL**.

## CONCLUSION

16. Based on these facts, there is probable cause to believe **SUBJECT PARCEL** described in Paragraph 4 above, contains controlled substances or proceeds from the sale of controlled substances, constituting evidence of violations of Title 21, United States Code, Sections 841(a)(1) (Possession with Intent to Distribute a Controlled Substance) and 846 (Conspiracy to Distribute a Controlled Substance). I therefore request a warrant authorizing the search of the **SUBJECT PARCEL** for evidence of those crimes.

17. I further request pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3) that the Court authorize delay of notice of this warrant for a period not to exceed 30 days from the date that the order is entered. Inspectors have only recently begun this investigation and anticipate it will remain ongoing for at least several more months. I believe, as detailed above, the sender and his/her co-conspirators have demonstrated their intention to thwart law enforcement's efforts to detect the distribution of controlled substances through the use of the USPS. There is cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the sender and/or recipient would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from

prosecution. Inspectors believe a delay of 30 days, June 19, 2025, is foreseeably necessary based on the nature of this investigation. The period of delay may thereafter be extended by the court for good cause shown.

18. Supervisory Assistant United States Attorney Elaine Ramirez has reviewed and approved this affidavit.

Respectfully submitted,

Kelly A. McNulty
Kelly McNulty
U.S. Postal Inspector


Telephonically sworn and electronically submitted on this 27th day of May 2025:

_____
Honorable Laura Fashing
United States Magistrate Judge

8

# ATTACHMENT A

1.      The **SUBJECT PARCEL** is a USPS Priority Mail parcel bearing USPS tracking number **9505515462865139472467,** addressed to "Samantha Perez, 27 Roadrunner Lane, Alamogordo, New Mexico 88310" with a return address of "Angelina Perez, PO 22658, Stockton, CA 95207". The **SUBJECT PARCEL** is believed to contain controlled substances and/or proceeds from the sale of controlled substances. The **SUBJECT PARCEL** is depicted below and is currently located in the U.S. Postal Inspection Service, Albuquerque Domicile office, at 1135 Broadway Blvd., Albuquerque, NM 87101



9

# ATTACHMENT B
# ITEMS TO BE SEIZED

Contraband, instrumentalities, fruits, and evidence of violation of Title 21, United States Code, Sections 841 and 846 including:

1. Controlled substances, and residue from those controlled substances, along with any manufacturing, cutting or diluting agents used in manufacturing or distributing controlled substances.

2. Drug paraphernalia, such as measuring and weighing devices, packaging materials, and containers that can be used to manufacture and distribute controlled substances.

3. United States currency, foreign currency, and financial instruments.

4. Records, documents, or data in any format relating to the trafficking of controlled substances, including ledgers, records of financial obligations and payments, receipts, documents reflecting prices, quantities, or times when controlled substances were bought, sold, or otherwise distributed, and records of transfer or movement of money generated from the sale of controlled substances.